IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**TONY WASHINGTON, SR.,**

        Petitioner,

v.                                                                                  Civil Action No.: 5:20-cv-86
                                                                                    (BAILEY)
        Respondent.

**RICHARD HUDGINS,**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 30, 2020, Tony Washington ("petitioner" or "defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction obtained in United States District Court for the District of Maryland. On May 5, 2020, the undersigned United States Magistrate Judge conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255. Because the petitioner had not previously filed a § 2255 motion, the Court gave him notice of his right to consent to proceed under 28 U.S.C. § 2255 or to proceed as filed. [Doc. 5]. On May 19, 2020, the petitioner notified the Court that he elected to proceed on his § 2241 petition as filed. [Doc. 12]. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II.     BACKGROUND[1]

On December 7, 2017, the grand jury in the District of Maryland issued a multicount superseding indictment against the petitioner and six other defendants. [Doc. 347]. The petitioner was named in Count One only which charged Conspiracy to Distribute Heroin, Cocaine, and Fentanyl within 1,000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1), 860. As charged in the indictment, the amount involved in the conspiracy attributable to the petitioner and three other defendants was one kilogram or more of a mixture or substance containing a detectable amount of heroin.

On July 25, 2018, after five days of trial, the jury found the petitioner guilty as to Count One of the Indictment and further found that the amount of heroin attributable to him was 100 grams or more. Finally, the jury found that the government proved that the petitioner's agreement to participate in the conspiracy extended to distribution of drugs within 1,000 feet of a school.  [Doc. 518]. On November 16, 2018, the petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 168 months. [Doc. 569].  In addition, upon release from imprisonment, he will be on supervised release for a term of eight years.

On July 26, 2018, the petitioner filed consolidated post-trial motions pursuant to F.R.C. 29 and 33, moving for a judgment of acquittal and for a new trial. [Doc. 512]. In support of the motions, the petitioner alleged that; (1) the verdict was unsupported by

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER. See United States v. Smith, et al., 1:16-cr-2--235-CCB-10  (D.MD). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

adequate evidence to sustain a conviction beyond a reasonable doubt and (2) the verdict was against the weight of the evidence adduced. On November 15, 2018, the district court denied the motions. [Doc. 568].

On December 4, 2018, the petitioner filed a Notice of Appeal. [Doc. 572]. On appeal, the petitioner argued that the district court erroneously admitted expert testimony that was inadequately disclosed pursuant to Fed. R. Crim. P. 16(a)(1)(G), violating his constitutional right to a fair trial. The Fourth Circuit Court of Appeals concluded that the Government timely and adequately disclosed the requisite details of the challenged expert testimony. In addition, the Court of Appeals found that the petition had not established that he was prejudiced by the alleged inadequacy. Finally, the Court of Appeals found that the district court did not abuse its discretion and affirmed the district court's judgment on August 9, 2019. [Doc. 623].

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.   CLAIMS OF THE PETITION

In support of his pending § 2241, the petitioner alleges that he was "kidnapped, forced, and coerced to compel his appearance before Magistrate Judge J. Mark Coulson on December 23, 2016 without a valid arrest warrant due to Special Agent William L. Epkins affidavit filed on September 15, 2015 in which he falsely identified Tony Washington." [Doc. 1 at 5]. Next, the petitioner alleges that the "USA Baltimore field office committed actionable fraud and was operating outside their scope of office when they submitted a fraudulent indictment against Tony Washington. The alleged indictment was nothing more than a charging instrument."[2] [Id. at 6]. The petitioner's third allegation is that the district court violated his constitutional rights when it was reading the jury instructions and told the jury that he had already admitted to being guilty of the conspiracy. [Id. at 6]. The petitioner's fourth allegation is that there was insufficient evidence, and the verdict was unsupported by adequate evidence to support his conviction beyond a reasonable doubt. [Id. at 15]. The petitioner's fifth allegation is

---

[2] As further explanation, the petitioner maintains that the indictment was not signed by a Grand Jury foreman, was not sworn to under penalty of perjury nor by solemn affirmation and did not affirmatively allege any statutory or constitutional basis for jurisdiction in a federal court. [Doc. 1 at 8].

4

that the judgment entered against him on November 18, 2018 was void because the District Court of Maryland was unauthorized as a matter of law because as an Article I Legislative Court it did not have jurisdiction to hear the criminal complaint against him. [Id. at 12].  Finally, the petitioner alleges that the courts erred in refusing to hear his motions for dismissal of charging document based on a variance of proof and evidence. [Id. at 13].  For relief, the petitioner requests that this Court vacate his conviction and grant him immediate release.

## V.   ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been

"made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id. A petitioner bears the burden of demonstrating that the section 2255 is "inadequate or ineffective," and the standard is an extremely stringent one.

In the Fourth Circuit, a petitioner may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

6

Id. at 333-34 (emphasis added).

Although the petitioner has not raised the savings clause, he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones. To the extent that the petitioner appears to allege that a § 2255 is inadequate or ineffective to test the legality of his detention because" the judge who heard and tried [his] case …appears to have been acting pursuant to Article I of the Constitution; [and] it was required that this matter be put before an Article III Judge [Doc. 1 at 17]," he is clearly misguided.

An Article I tribunal is a federal court organized under Article One of the Constitution. Article I courts are created by the legislature and have differing independence from the executive and legislative branches. Article I courts include the United States Tax Court, United States Court of Appeals for the Armed Forces, Courts of Military Commission Review, United States Court of Appeals for Veteran Claims, United States Courts of Federal Claims, and United States Bankruptcy Courts. Article I federal judges are not subject to the same protections as Article III judges. Article I judges do not have life tenure and their salaries may be reduced by Congress. See https://ballotpedia.org/Article_I_tribunal.

Article III, Section I of the United States Constitution provides: "The judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. CONST. art. III, § 1. Almost immediately after the ratification of the Constitution, Congress passed the Judiciary Act of 1789. In that Act,

> Congress proceeded to create not one set of inferior courts but two. It

7

> established for each state at least one District Court, and it also created three circuit courts. It established judgeships for the Supreme Court and for the District courts, but not for these circuit courts. Instead, the circuit courts, which were to hold two sessions each year at each district within the circuit, were comprised of two justices of the Supreme Court and the District Judge for the District.
>
> The district courts were entirely courts of original, or trial, jurisdiction. The Act authorizes courts to entertain admiralty cases, minor criminal cases, and some other limited classes of cases.

13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3503 (3d ed. 2018) (footnote omitted).

Congress has enacted various laws since 1789 that have made changes to the organization and jurisdiction of the federal courts. Relevant to the petitioner's challenge to the district court's jurisdiction, Congress

> in 1875 finally gave the lower federal courts original jurisdiction, in terms nearly identical to the constitutional grant, to cases arising under the Constitution, laws, or treaties of the United States. Thus, for the first time Congress conferred general federal question jurisdiction, although in prior years statues had authorized jurisdiction in specific classes of federal question cases.
>
> Act of March 3, 1875, 18 Stat. 470.

Id. § 3504.

In 1891, Congress radically reshaped the federal judiciary by adopting the Everts Act:

> This statute created for each circuit a circuit court of appeals and authorized the appointment of an additional circuit judge for each circuit. The new Circuit Court of Appeals was to consist of three judges, the two circuit judges and either a justice of the Supreme Court or one of the district judges from within the circuit….

Id. (footnote omitted).

> The Judicial Code of 1911 finally abolished the circuit courts. A source of complaint and controversy from their establishment in 1789, they had

8

> been quite unnecessary since the adoption of the Everts Act in 1891. In 1911 their original jurisdiction was transferred to the district courts.
>
> Act of March 3, 1911, 36 Stat. 1087.

Id.

As a result of these Acts of Congress pursuant to Article III, the district courts of the United States of America have had plenary jurisdiction over federal criminal cases since 1911. The United States District Court for the District of Maryland is one of those United States District courts, and therefore, had proper jurisdiction over the petitioner's criminal case, and would have jurisdiction over a timely § 2255 filed by the petitioner.

In conclusion, because the petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.　RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that the petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including

9

exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:**  June 25, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE