# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**TONY WASHINGTON, SR.,**

      Petitioner,

v.                                       **CIVIL ACTION NO. 5:20-CV-86**
                                             **(BAILEY)**

**RICHARD HUDGINS,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 20]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on June 25, 2020, wherein he recommends that the petition be denied and dismissed without prejudice.

## I. BACKGROUND

The petitioner is a federal inmate who at the time of filing his petition was incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on April 30, 2020, pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction. On November 16, 2018, Washington was sentenced to 168 months after being found guilty of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 860.[1] According to the BOP website, petitioner is scheduled to be released on January 20, 2029.

---

[1] Taken from Washington's criminal docket from the District of Maryland, available on PACER. See *USA v. Smith et al*, 1:16-CR-000235-CCB.

In his petition, petitioner raises six grounds challenging his conviction. First, petitioner contends his arrest was invalid; he alleges that either there was no arrest warrant or that the arrest warrant was invalid. [Doc. 1 at 5, 7]. Second, petitioner challenges the validity of the indictment, asserting that it was not signed by a grand jury foreman and it failed to allege any basis for federal jurisdiction. [Id. at 6, 8]. Third, petitioner asserts actual innocence and contends there were errors in the jury instructions at his trial. [Id. at 6, 9]. Fourth, petitioner challenges the sufficiency of the evidence presented at his trial, in particular the testimony of Agent William L. Epkins. [Id. at 6, 10–12]. Fifth, petitioner contends that the sentencing court, the U.S. District Court for the District of Maryland, "was unauthorized as a matter of law . . . due to the Court being an Article I, Legislative Court, which did not have jurisdiction." [Id. at 12]. Finally, petitioner challenges the sentencing court's refusal to take up several *pro se* motions for alleged due process violations. [Id. at 13].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 28] on August 17, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* ***United States v. Poole***, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. ***In re Jones***, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

Here, the magistrate judge found that although petitioner attacks the validity of his conviction, he cannot meet the second element of *Jones* because the crimes for which he was convicted remain criminal offenses. [Doc. 20 at 7]. Accordingly, because the § 2241 petition is unable to satisfy the savings clause of § 2255, this Court must dismiss the habeas motion for lack of jurisdiction. [Id. at 9].

On August 17, 2020, petitioner filed his objections [Doc. 28]. Most of the document merely reiterates the arguments already asserted in the petition and asserts that this Court has jurisdiction over the petition. Although petitioner does not address the main reasoning relied upon by Magistrate Judge Mazzone, that petitioner's crimes of conviction remain criminal offenses, he does address the elements of *Jones*. Petitioner argues that, "[a]lthough petitioner hasn't established that he meets the *Jones* requirements . . . petitioner believes he has satisfied all three elements" because of the Government's failure to read the charges petitioner was convicted of into the record during the pretrial stage of his case. [Doc. 28 at 8]. As noted above, this Court must construe *pro se* filings liberally. *Haines v. Kerner*, 404 U.S. 520 (1972). However, it is the petitioner who bears the burden of

establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See *Hood v. United States*, 13 Fed. App'x. 72 (4th Cir. 2001). Petitioner does not challenge that the crimes for which he was convicted remain criminal offenses. Accordingly, petitioner cannot meet the second prong of *Jones* and his objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 20]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 28]** are **OVERRULED** and the § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August **21**, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**